IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN LEE RICHES, | : |
| | : |
|     Plaintiff, | : |
| | : |
|     v. | : Civ. Action No. 09-132-JJF |
| | : |
| JOHNNIE L. COCHRAN, JR., | : |
| et al., | : |
| | : |
|     Defendants. | : |

### MEMORANDUM ORDER AND SHOW CAUSE ORDER

Presently before the Court is Plaintiff's Motion For Temporary Restraining Order - Preliminary Injunction pursuant to 42 U.S.C. § 1983. (D.I. 6.) For the reasons set forth below, the Court will deny the Motion as moot and will Order Plaintiff to Show Cause why he should not be precluded from filing in the United States District Court for the District of Delaware.

Plaintiff, Jonathan Lee Riches ("Plaintiff"), is a prolific filer of inmate lawsuits, having filed more than 1,000 cases as of February 22, 2008. See Riches v. Garese, Civ. No. 08-086-HRW, 2008 WL 2475733 (E.D. Ky. June 18, 2008). At the time he filed this case, he was confined at USP-Atlanta, Atlanta, Georgia.

It has come to the Court's attention, according to the Federal Bureau of Prisons Inmate Locator, that Plaintiff is no longer housed at USP-Atlanta, having been transferred to FMC-Lexington, Kentucky. http://www.bop.gov/iloc2. Inasmuch as Plaintiff is no longer at the USP-Atlanta, injunctive relief may

not issue. "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985). Because Plaintiff is no longer housed at the USP-Atlanta, it is impossible for him to suffer irreparable there.

The Court further notes that Plaintiff did not state his basis for placing jurisdiction and venue in the District of Delaware; nor did he submit the District Court filing fee of $350.00 or an application to proceed without prepayment of fees. Additionally, it appears that he attempts a fraud on the Court by naming two Plaintiffs; the other Plaintiff named is Gino Romano. The United States Pacer U.S. Party/Case Index indicates that Gino Romano is a name used by Plaintiff. See Riches v. Defcon, Civ. No. 06-293-BES-PAL (D. Nev.)(handwritten complaint by Riches listing Plaintiff as Jonathan Lee Riches a/k/a Gino Romano at D.I. 3.)

Plaintiff routinely files lawsuits in distant federal courts without explaining his reasons for filing there. He "discovered" this Court in late 2007 and since then has filed several lawsuits, all of which were frivolous and all without paying the filing fee since, due to his numerous frivolous filings, he is precluded from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). He also sought to intervene in lawsuits wherein he

had no connection.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. Plaintiff's Motion For Temporary Restraining Order - Preliminary Injunction pursuant to 42 U.S.C. § 1983 is **DENIED** as **moot**.

2. The Clerk of the Court is directed to **CLOSE** this case.

3. Plaintiff is hereby ORDERED to **SHOW CAUSE**, in writing, on or before **April 30, 2009**, why he should not be enjoined from filing in the United States District Court for the District of Delaware, without prior authorization of the Court, any complaint, lawsuit, motion, or petition for writ of mandamus, UNLESS the filing is accompanied by each of the following: (a) the District Court filing fee or an allegation he is under imminent danger of serious physical injury; **and** (b) a statement as to his basis for jurisdiction and venue being in the District of Delaware; **and** (c) evidence that he has obtained the permission of the Court for the filing.

_April 6, 2009_
DATED

_[signature]_
UNITED STATES DISTRICT JUDGE

3